## SUPREME COURT.

### Rogers agt. Rathbone.

Notice of motion to correct a pleading must be given within twenty days after service of such pleading (*Rule* 43).   Hence the affidavit upon which the motion is founded, should show that the pleading was *served* and *when served*.

### *Schenectady Special Term, July* 1851.

Cady, Justice.—This was a motion to strike out a part of an answer for irrelevancy, uncertainty, insufficiency and as not tendering an issue, &c.   The counsel for the defendant objected that the motion ought not to be entertained, because not made upon an affidavit showing that any action was pending; that any answer had been served, or when it was served.

The forty-second rule of court seems to take it for granted that a motion must be made upon a petition duly verified, or by affi-

Rogers agt. Rathbone.

davit; and although there may be cases in which an affidavit would not be necessary, this is not such a case.

In the case of Ripley vs. Burgess, (2 *Hill*, 360), the motion was founded *on the affidavit served and the pleading* in the cause. In that case the affidavit stated that a copy plea and notice of special matter had been served on the plaintiff's attorney. That fact was not denied, and the court held that service of a copy of the plea and notice need not be served with the affidavit, and that the court would deem the copy of the plea and notice produced as the ones served. But in the case under consideration, there was no evidence that an answer had been served, or when it was served. As a general rule a party making a motion ought to show every fact necessary to entitle him to have the motion granted.

By the 43d rule of court, the notice of a motion to correct a pleading must be given within twenty days after service of such pleading. How is the court to know whether the motion is made in time, without an affidavit showing when the pleading was served?

It might lead to much unpleasant altercation between counsel, if the time of serving a pleading was to be determined by the contradictory statements of counsel on the argument. Take the case now under consideration. The only copy of the answer produced does not show when it was served, but it appears to have been verified on the 16th day of June 1851, and the notice of motion was served on the 7th of July 1851. These papers do not show that the notice of motion was given in time, and how is that question to be determined without an affidavit? Whenever the time within which notice of motion must be given is limited by a rule of court, or statute, the papers on which the motion is made ought to show that the motion is made in time, or an excuse for its not being so made ought to appear upon the moving papers. I am of opinion that in this case there ought to have been an affidavit showing that an answer had been served, and when it was served, and for that reason the motion is denied; but, as the answer shown is defective, the motion is denied without costs and without prejudice.